## No. 9689.

### CARDENAS *v*. VALDEZ.

ELECTION CONTEST—*Doubtful Questions,* will not be determined in the Court of Review. A finding supported by substantial evidence will not be disturbed.

*Error to Huerfano County Court, Hon. Jos. H. Patterson, Judge.*

Mr. W. O. PETERSON, for plaintiff in error.

Mr. JOHN L. EAST, Mr. HARVEY STARBUCK, for defendant in error.

Opinion by Mr. Justice Allen:

AT an election for electing a Secretary of School District No. 5 in Huerfano County, held in that district on

May 5, 1919, J. D. J. Cardenas, the plaintiff in error, and J. B. N. Valdez, the defendant in error, were candidates for the office, and were the only persons voted for at the election. At the close of the school district election in question, the judges of the election canvassed the result, and found and declared that Cardenas received 54 votes,. and Valdez 51 votes. Valdez thereafter duly instituted contest proceedings in the County Court. Upon trial the court found in favor of Valdez, and adjudged him to have been elected to office. Cardenas brings the cause here for review, and in the assignment of error complains of certain findings of fact of the trial court. The cause is before us upon an application for a supersedeas, and the sole question presented in the argument is the conclusiveness of the findings complained of.

In conformity to the issues made by the pleadings, the trial court found that the following named voters, to-wit, Rafino Casias, Carl Martin, Mrs. Carl Martin, and Querino Martinez (all of whom, it is admitted, voted for Cardenas) were not legally qualified electors and were not entitled to vote at the election; and also that the vote cast by one Maclovia Martinez, which vote was in favor of Cardenas, was illegally cast and should not be counted. This finding would reduce the vote for Cardenas from 54 to 49 votes.

The court also found that Juan T. Martinez and Rosenda Martinez, who had not been permitted to vote at the election, were legally qualified electors and would have voted for Valdez if they had been allowed to vote; and also that one Pionono Archuletta, who voted for Valdez, was a duly qualified voter and entitled to vote at the election. As a result of the findings as to Juan T. Martinez and Rosenda Martinez, the vote for Valdez was increased from 51 votes, as found by the election judges, to 53 votes.

The plaintiff in error contends, in effect, that under the undisputed facts the trial court should have found, as a matter of law, that Juan Martinez, Rosenda Martinez, and Pionono Archuletta, were not residents of the school dis-

trict, in which the election was held, and therefore not entitled to vote at the election. We find, however, that as to each of these voters there was substantial evidence to the effect that such person was a resident of the school district, and therefore this court will not disturb the trial court's finding that such persons were "legally qualified voters * * * and entitled to vote at said election." *Huffaker v. Edgington,* 30 Ida. 179, 163 Pac. 793. The appellate court will not determine doubtful questions of fact in contested election cases. 15 Cyc. 437. The conclusion above reached leaves undisturbed the court's finding that the number of votes that should be counted for Valdez is 53.

We are also of the opinion that the evidence is sufficient to uphold the trial court's finding that Rafino Casias was not a legally qualified elector at the election, and that the vote cast by Maclovia Martinez "was illegally cast, and should not be counted." This finding reduced the vote for Cardenas from 54, as found by the election judges, to 52.

In view of our conclusions, hereinabove stated, it becomes unnecessary to consider the trial court's findings as to the residence or qualifications of Carl Martin, Mrs. Carl Martin, and Querino Martinez, for the votes of these persons if counted for Cardenas would not bring his total vote above 52, which is still less than the number of votes given to Valdez by the undisturbed and unreversed findings of the trial court.

The application for a supersedeas is denied and the judgment is affirmed.

Affirmed.

Chief Justice Garrigues and Mr. Justice Bailey concur.